UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EBONY Y. OLIVER-JOHNSON,

                           Plaintiff,                          **ORDER**

       -against-                        25 Civ. 199 (VMS)

FRANK J. BISIGNANO, Commissioner of Social
Security,[1]

                         Defendant.
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

Presently before the Court is the stipulation of Plaintiff Ebony Y. Oliver-Johnson

("Plaintiff") and Defendant Frank J. Bisignano, Commissioner of Social Security ("Defendant")

to attorneys' fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)

(the "EAJA"), and Plaintiff's motion for attorneys' fees pursuant to the Social Security Act, 42

U.S.C. § 406(b) (the "SSAct").  See generally ECF Nos. 14-15.  Defendant filed a response to

the motion and does not oppose any of the relief requested.  See generally ECF No. 16.  For the

reasons discussed below, the stipulation is so-ordered, and the motion is granted.

I.       **Attorneys' Fees And Expenses Pursuant To The EAJA**

The EAJA requires a court to award "a prevailing party other than the United States fees

and other expenses . . . incurred by that party in any civil action . . . brought by or against the

United States . . . unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust."  Padula v. Colvin, 602 F. App'x

---

[1] Although Carolyn W. Colvin, Acting Commissioner of Social Security, was originally named as the defendant in this action, Frank J. Bisignano, Commissioner of Social Security, was automatically substituted as the defendant pursuant to Federal Rule of Civil Procedure 25(d).

25, 26 (2d Cir. 2015) (quoting 28 U.S.C. § 2412(d)(1)(A)). The United States "bears the burden of showing that its position was substantially justified." Id. at 27 (citation & quotations omitted).

Plaintiff and Defendant jointly moved to remand this action to the Social Security Administration (the "SSA") for further proceedings, see generally ECF Nos. 8-8-1, and the Court granted the jointly requested relief, see 3/31/2025 Order, such that judgment was entered reversing the SSA's decision against Plaintiff and remanding the action to the SSA, see generally ECF No. 10. Plaintiff is therefore the prevailing party pursuant to the EAJA and is entitled to an award of attorneys' fees and expenses incurred in prosecuting this action. Plaintiff and Defendant stipulated to an award of $1,284.38 in attorneys' fees, representing 5.1 hours of work at the hourly rate of $251.84, see ECF No. 11 ¶¶ 4-5, and $405.00 in expenses for the filing fee in this action, see ECF No. 11-1 at 2. See generally ECF No. 14.

In sum, as stipulated to by the parties, the Court finds that Plaintiff's counsel is entitled to an award of $1,284.38 in attorneys' fees and $405.00 in expenses pursuant to the EAJA. In view of the foregoing, Plaintiff's motion seeking the same relief, see generally ECF Nos. 11-11-2, is moot.

## II.    Attorneys' Fees Pursuant To The SSAct

The SSAct "allows courts to grant reasonable attorney's fees for successful representation in Social Security actions," consisting of "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (quoting 42 U.S.C. § 406(b)(1)(A)). The effect of this provision is to "fix[] a maximum percentage for contingent fees of twenty-five percent," to "permit[] recovery of such fees only out of past due benefits" and to "require[] court approval for whatever amount of such fees should be paid." Id.

2

(footnote, citation & quotations omitted).  In conducting the relevant analysis, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  Id. at 852-53 (citation & quotations omitted).  Reasonableness is not be determined by relying upon "the traditional lodestar method," but, rather, is the result of considering factors such as (1) "the character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay," (3) "whether there has been fraud or overreaching in making the agreement" and (4) "whether the requested amount is so large as to be a windfall to the attorney," which courts determine by considering (a) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (b) "the nature and length of the professional relationship with the claimant— including any representation at the agency level"; (c) "the satisfaction of the disabled claimant"; and (d) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  Id. at 853-55 (citations & quotations omitted).

Plaintiff's request for an award of $10,000.00 in attorneys' fees comports with both Plaintiff's retainer agreement and the SSAct, as interpreted by the Second Circuit.  Preliminarily, Plaintiff prevailed at the further proceedings on remand to the SSA, which determined her entitlement to $117,283.70 in past-due benefits[2] and future monthly benefits.  See ECF No. 15-1 at 1.  Plaintiff's retainer agreement provides for a contingency arrangement stating that, "[i]f my case is favorably decided after an appeal to federal court, my representative may elect to not to

---

[2] Plaintiff's motion states that the amount of past due benefits is $117,248.00, see ECF No. 15 ¶ 2, which the Court believes to be an arithmetic error that has no impact on the decision reached on the motion.

pursue fees under 42 U.S.C. § 406(b)" and "may elect to pursue fees under only 42 U.S.C. § 406(a)," ECF No. 15-2 at 1, apparently leaving to Plaintiff's counsel's discretion which relief to pursue. Rather than seeking up to the full twenty-five percent of the past-due benefits owed in attorneys' fees, as permitted by the SSAct, Plaintiff seeks an award of only $10,000.00, which is what Plaintiff's counsel "ha[s] told the claimant we will do." ECF No. 15 ¶ 3.

None of the relevant factors suggests that an award of $10,000.00 in attorneys' fees is unreasonable. First, as to the character of the representation and the results achieved, the Court concurs in Plaintiff's analysis that Plaintiff's counsel's representation was "instrumental in the ultimate receipt of benefits," following denial of benefits and further review at the administrative level, id. ¶ 8, such that an administrative appeal to federal court was necessary to achieve an award of a six-figure sum of past-due benefits for Plaintiff. Second, as to whether the attorney is responsible for any delay in making the instant motion, the record does not reflect that Plaintiff's counsel engaged in any delay, having received the notice of award in this action on January 6, 2026,[3] and having filed the instant motion on January 10, 2026. See id. ¶ 2. Third, the retainer agreement contains no indicia of fraud or overreaching. See generally ECF No. 15-2. Fourth, the requested amount is not so large as to be a windfall to Plaintiff's counsel. Plaintiff's counsel "is a highly experience[d] attorney" who "charges a $425.00 non-contingent hourly rate for his time" and "expects a far higher recovery in contingent matters where there is a risk of non-recovery." ECF No. 15 ¶ 11. Plaintiff's counsel achieved the results in federal court with 5.1 hours of work but also spent in excess of 10 hours working on the case on remand to the SSA ECF No. 15 ¶ 6; see ECF No. 15-3 at 1-2. The Court does not have a statement as to Plaintiff's

---

[3] The Court believes that the statement in Plaintiff's motion that her counsel received the notice of award on January 6, 2025, see id. ¶ 2, is a typographical error, as the notice of award is dated December 24, 2025, see ECF No. 15-1 at 1.

satisfaction with the outcome in this matter but expects that she is satisfied with the significant recovery, particularly given the initial denial of benefits outright.  Finally, the risk of failure, in Plaintiff's counsel's view, "was actually quite high in this particular case," given that Plaintiff "is a younger person under [the] SSA's regulations"; that the issue, namely "the document preparer occupation being obsolete[,] . . . is one [the] SSA often litigates aggressively; and that the case was remanded to the same administrative law judge who initially denied Plaintiff benefits.  ECF No. 15 ¶ 10.

In sum, the Court finds that Plaintiff's counsel is entitled to the reasonable award of $10,000.00 in attorneys' fees pursuant to the SSAct.  In Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (citations & quotations omitted), the Supreme Court held that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this matter: [f]ee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee."  Plaintiff's counsel is thus directed to refund the lesser award of attorneys' fees to Plaintiff.[4]

---

[4] Plaintiff's counsel requests that the Court award a "net" award, rather than requiring a refund of the attorneys' fees pursuant to the EAJA, see ECF No. 15 ¶ 4, but Plaintiff's counsel has not offered any authority from this Circuit that would permit such an order, nor has the Court located any.

**CONCLUSION**

As discussed above, Plaintiff's counsel is entitled to an award of $1,284.38 in attorneys'

fees and $405.00 in expenses pursuant to the EAJA, and an award of attorneys' fees of

$10,000.00 pursuant to the SSAct.  As set forth in <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 796

(2002) (citations omitted), Plaintiff's counsel is directed to refund the lesser award of attorneys'

fees to Plaintiff.

Dated:  Brooklyn, New York
       March 2, 2026

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge

6